UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JAMES M. CARLSON,

    Plaintiff,

v.                                             Case No. 18-CV-662

STATE OF WISCONSIN DEPARTMENT
OF NATURAL RESOURCES,

    Defendant.

---

## COMPLAINT

Plaintiff James M. Carlson ("Plaintiff" or "Carlson"), by his attorneys, Sara J. Geenen and Joe Sexauer of The Previant Law Firm S.C., brings this cause of action against Defendant State of Wisconsin Department of Natural Resources and alleges as follows:

### INTRODUCTION

1. This Complaint raises an individual claim for discrimination under Title VII of the Civil Rights Act of 1964, §§ 2000 *et seq* ("Title VII") on the basis of race, color, and national origin. The Complaint arises from the Defendant's decisions to deny Plaintiff's applications to transfer to other positions because of his race, color, and/or national origin, and to pay him less than other, similarly-situated non-Hispanic white employees. Carlson demands a jury to try this matter.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 29 U.S.C. §2000e,

as amended. Carlson has complied with all jurisdictional requirements of Title VII by timely filing a charge of discrimination with the EEOC (Exhibit A), receiving a determination of reasonable cause to believe that discrimination occurred from the EEOC (Exhibit B) and a right to sue letter (Exhibit C), and timely filing this action.

3. The Court has personal jurisdiction over Defendant given that it operates within the State of Wisconsin, including within this judicial district.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because all the events giving rise to the claims described herein occurred within this judicial district.

## PARTIES

5. Plaintiff James M. Carlson is an African-American man who, at all times relevant to the Complaint, resided in the State of Wisconsin and was employed by the Wisconsin Department of Natural Resources.

6. Defendant State of Wisconsin Department of Natural Resources ("DNR") is a state agency which employs thousands of employees throughout the State of Wisconsin, and maintains a principle office at 101 South Webster Street, Madison, WI 53707. At all relevant times the DNR was Carlson's employer within the meaning of 42 U.S.C. §2000e *et seq*.

## FACTS

7. Carlson started working for the DNR on or about May 20, 2013 as a Wastewater Specialist – Senior.

8. At all relevant times, the DNR purported to maintain an Equal Employment Opportunity and affirmative action policies related to the Department's employment of individuals who were members of underrepresented protected classes within its

workforce. The DNR has failed to comply with its internal EEO/AA and hiring policies when filling vacant positions.

9. At the time he was hired, Carlson's hourly rate of pay was $22.026 per hour; it subsequently increased to $22.47 in June 2013. At that time, white DNR employees holding the same job title as Carlson were paid between $3 and $7 more per hour.

10. The DNR hired a white individual as a Wastewater Specialist – Senior only weeks after hiring Carlson and set that individual's rate of pay at $25.25 per hour.

11. DNR hired a non-white Hispanic man as a Wastewater Specialist- Senior in October 2013, and his starting rate of pay was $22.47.

12. DNR hired or transferred at least three white employees into Wastewater Specialist – Senior positions within one year of Carlson's date of hire; these individuals' starting hourly rate of pay ranged from $24.20 to $26.00.

13. Annually, the DNR utilized discretionary funds to increase or adjust its Wastewater Specialist – Senior employees' compensation.

14. Between 2013 and 2014, DNR increased the pay rate of at least one white employee who held the title of Wastewater Specialist – Senior by more than $2 per hour. The DNR did not use those discretionary funds to equalize Carlson's pay.

15. On or around January 11, 2016, the DNR posted the position of Wastewater Specialist – Senior (Agricultural Runoff), Certification number 15252 ("Position"). Carlson applied for the position.

16. Carlson held a Masters Degree in his field and had actually and successfully performed the duties of the Position, including agricultural runoff and interacting with the

3

DNR's "customers," for three years before applying for the Position. Carlson was qualified to perform the duties required for the Position.

17. The position was awarded to a less qualified white applicant, Andrea Gruen. Among the reasons cited for hiring an applicant other than Carlson, the DNR cited the fact that Ms. Gruen was knowledgeable about the job duties, had a Master's Degree, and "has a perspective of [DNR] customers."

18. The customers to which the DNR refers are predominantly non-Hispanic white.[1]

19. Carlson similarly applied for other positions within the DNR and competed for positions through an open recruitment process, including positions that were the same job title and description, but performed in a different geographic location.

20. Those positions were also awarded to similarly situated but less qualified white applicants who were paid a higher starting wage than Carlson.

21. Carlson filed his discrimination complaint with the EEOC on or around September 1, 2016. Subsequent to filing the EEOC complaint, Carlson's performance evaluation was downgraded by a DNR official despite a positive review by his direct supervisor. Carlson filed a retaliation complaint with the EEOC related to this performance evaluation on October 8, 2016. The retaliation charge remains pending before the EEOC.

---

[1] The U.S. Department of Agriculture's 2012 Census of Agriculture showed that approximately 99.5% of Wisconsin's 108,900 farms were operated by non-Hispanic white operators.
https://www.agcensus.usda.gov/Publications/2012/Online_Resources/Race,_Ethnicity_and_Gender_Profiles/Wisconsin/ (last accessed 8/9/2018)

### COUNT I. Discrimination (Paying Less for Similarly Situated Work) on the Basis of Race in Violation of Title VII.

22. Carlson re-alleges, and incorporated by reference, the allegations contained in paragraphs 1- 21 herein.

23. Carlson is a member of a protected class.

24. Since 2013, DNR has paid Carlson a lower hourly rate than similarly-situated white colleagues holding the same title and/or performing the same or substantially similar job duties.

25. The DNR, through its representatives, acknowledged the pay disparity to Carlson and promised to resolve the disparity.

26. DNR took no steps to equalize Carlson's pay with that of his similarly situated colleagues despite giving annual pay increases to other employees and an availability of discretionary funds.

27. By such actions, the DNR engaged in discrimination against Carlson based on his race with malice and reckless indifference to his federally protected rights.

28. The DNR's refusal to pay Carlson as much as similarly situated white employees was motivated by Carlson's race in violation of Title VII of the Civil Rights Act of 1964, as amended.

### COUNT II. Discrimination (Failure to Promote) on the Basis of Race and/or Color in Violation of Title VII.

29. Carlson re-alleges, and incorporated by reference, the allegations contained in paragraphs 1- 28 herein.

30. Carlson applied for positions and was denied lateral transfers within his department, including jobs with the same job title and/or nearly identical job descriptions; Carlson was qualified to perform those jobs.

31. Carlson also competed for other positions within the DNR through its open recruitment process for which he was qualified.

32. Despite being qualified for the lateral transfers he sought, the positions were filled by similarly situated but less qualified white individuals.

33. The employees hired to fill the DNR positions for which Carlson applied or sought a transfer were compensated at a higher hourly rate than Carlson, despite falling within the same or similar pay grade and classification and/or holding an identical job title.

34. By such actions, the DNR engaged in discrimination against Carlson on the basis of color, race, and/or national origin with malice and reckless indifference to his federally protected rights.

35. Defendant's refusal to hire Carlson for other positions was motivated by Carlson's color, race (African-American), and/or national origin in violation of Title VII of the Civil Rights Act of 1964, as amended.

**RELIEF**

WHEREFORE the Plaintiff respectfully requests that this Court:

    a. Enter a judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended;

    b. Enter judgment against Defendant and in favor of the plaintiff, James M. Carlson, for prospective and retrospective monetary relief;

    c. Enter judgment against Defendant and in favor of Plaintiff awarding compensatory damages;

    d. Enter judgment against Defendant and in favor of Plaintiff for punitive damages, including punitive damages pursuant to 42 U.S.C. §1981a;

  e. Award Plaintiff the cost of this action and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted this 9th day of August, 2018.

        s/Sara J. Geenen
        Sara J. Geenen (SBN 1052748)
        Joe Sexauer (SBN 1103206)
        THE PREVIANT LAW FIRM, S.C.
        310 West Wisconsin Ave. Suite 100MW
        Milwaukee, WI 53212
        414-271-4500 (Telephone)
        414-271-6308 (Fax)
        Email: sjg@previant.com
        Attorney for Plaintiff